## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL KENT,<br><br>                    Plaintiff,<br><br>         v.<br><br>INTERSECT ENT, INC., THOMAS A. WEST, KIERAN T. GALLAHUE, NEIL A. HATTANGADI, TERESA L. KLINE, CYNTHIA L. LUCCHESE, DANA G. MEAD, JR., and ELISABETH SANDOVAL-LITTLE,<br><br>                    Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Michael Kent ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.      Plaintiff brings this action against Intersect ENT, Inc. ("Intersect ENT" or the "Company") and Intersect ENT's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, arising out of the Board's attempt to sell the Company to Medtronic plc through its subsidiary Medtronic Inc. and its wholly-owned subsidiary Project Kraken Merger Sub, Inc. (collectively "Medtronic").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on September 7, 2021. The Proxy recommends that Intersect ENT stockholders vote in favor of a proposed transaction (the "Proposed Transaction")

1

whereby Intersect ENT is acquired by Medtronic. The Proposed Transaction was first disclosed on August 6, 2021, when Intersect ENT and Medtronic announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Medtronic will acquire all of the outstanding shares of common stock of Intersect ENT for $28.25 per share (the "Merger Consideration"). The deal is valued at approximately $1.1 billion and is expected to close by April 2022.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by Intersect ENT management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), Intersect ENT's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is otherwise disseminated to Intersect ENT's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Intersect ENT.

6.      Defendant Intersect ENT is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 1555 Adams Drive, Menlo Park, California 94025. Intersect ENT common stock trades on NASDAQ under the

trading symbol "XENT."

7.      Defendant Thomas A. West has been President, CEO and a director of the Company since 2019.

8.      Defendant Kieran T. Gallahue has been a director of the Company since 2015. Defendant Gallahue has been Chairman of the Board since 2020.

9.      Defendant Neil A. Hattangadi, M.D. has been a director of the Company since March 2021.

10.     Defendant Teresa L. Kline has been a director of the Company since 2017.

11.     Defendant Cynthia L. Lucchese has been a director of the Company since 2014.

12.     Defendant Dana G. Mead, Jr. has been a director of the Company since 2007.

13.     Defendant Elisabeth Sandoval-Little has been a director of the Company since April 2021.

14.     Defendants West, Gallahue, Hattangadi, Kline, Lucchese, Mead and Sandoval-Little are collectively referred to herein as the "Board."

15.     Nonparty Medtronic plc is an Irish public limited company with its principal executive offices located at 20 On Hatch, Lower Hatch Street, Dublin 2, Ireland. Medtronic common stock trades on NYSE under the trading symbol MDT.

16.     Nonparty Medtronic, Inc. is a Minnesota corporation and is a wholly owned subsidiary of Medtronic Global Holdings S.C.A., itself a subsidiary of Medtronic plc. Medtronic Inc.'s principal executive office is located at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

17.     Nonparty Project Kraken Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Medtronic, Inc.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

**A.  Background of the Company and the Proposed Transaction**

21.     Intersect ENT sells products that deliver steroid therapies to the site of illness. The Propel products reduce inflammation after sinus surgery, while the Sinuva products treat polyps-caused sinus obstruction after ethmoid sinus surgery. In October 2020, Intersect ENT acquired Fiagon AG Medical Technologies, which produces sinus dilation products and surgical navigation products.

22.     On August 6, 2021, the Company entered into the Merger Agreement with Medtronic. According to the press release issued that day announcing the Proposed Transaction:

## MEDTRONIC TO ACQUIRE INTERSECT ENT

*Acquisition to Add Innovative Bioabsorbable Drug Release
Platform to Chronic Rhinosinusitis Portfolio*

**DUBLIN and MENLO PARK, Calif. – August 6, 2021 –** Medtronic plc (NYSE:MDT), the global leader in medical technology, today announced that it has entered into a definitive agreement with Intersect ENT (NASDAQ: XENT), a global ear, nose, and throat (ENT) medical technology leader dedicated to transforming patient care, in which Medtronic will acquire all outstanding shares of Intersect ENT for $28.25 per share in an all-cash transaction implying an enterprise value of approximately $1.1 billion. The boards of directors of both companies have unanimously approved the transaction.

Medtronic's acquisition of Intersect ENT expands the company's portfolio of products used during ear, nose, and throat procedures. The complementary product lines and customer base will further Medtronic's efforts to have a positive impact for patients who suffer from chronic rhinosinusitis (CRS). Intersect ENT's PROPEL® and SINUVA® sinus implants are clinically proven solutions that open sinus passageways and deliver an anti-inflammatory steroid to aid in healing. By combining these products with Medtronic's navigation, powered instruments, and existing tissue health products, the company intends to offer a broader suite of solutions to assist surgeons treating CRS patients.

"This acquisition directly aligns with our commitment to delivering continuous innovation that helps ENT patients," said Vince Racano, president of the ENT business, which is part of the Neuroscience Portfolio at Medtronic. "Intersect ENT's sinus implants are clinically proven to offer relief and healing to patients suffering from chronic rhinosinusitis. Combining this innovative technology with our established global presence and sales infrastructure will allow us to broaden our capabilities while expanding access to these valuable therapies."

"This is an exciting day for patients suffering from CRS," said Thomas West, president and CEO of Intersect ENT. "After years of pioneering technology to help patients heal following sinus surgery, we welcome the integration of Intersect ENT's portfolio into Medtronic. We are looking forward to the global impact we can make as part of Medtronic, bringing these essential products to more patients than ever before. Thank you to our Intersect ENT employees – without you, we would not have reached this important step in our evolution."

In the U.S., CRS affects 1 in 8 adults (35 million) and often requires a complex combination of medical and surgical therapy. It is one of the top 10 most costly medical conditions for employers, with most patients reporting 5-15+ years of suffering and medical treatment.1-3 Intersect ENT's PROPEL implant – used primarily in hospitals and ambulatory surgery centers – is a bioabsorbable, drug-eluting implant inserted after sinus surgery to keep passageways open and deliver

an anti-inflammatory steroid to the sinuses. SINUVA implants are primarily used in the office environment for the treatment of recurrent sinus obstruction due to nasal polyps in adult patients who have had ethmoid sinus surgery.

**Financial Highlights**

Following close, the transaction is expected to be accretive to Medtronic's weighted average market growth rate (WAMGR), and to be neutral to Medtronic's adjusted earnings per share in the first twelve months and accretive thereafter.

The acquisition is expected to close toward the end of Medtronic's current fiscal year, subject to the satisfaction of customary closing conditions, including receipt of regulatory clearances and approval by Intersect ENT's stockholders.

**B. The Materially Incomplete and Misleading Proxy**

23.     On September 7, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

> *Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

24.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Goldman Sachs's fairness opinion, Goldman Sachs reviewed "certain internal financial analyses and forecasts for Intersect ENT, which include the estimated benefits of Intersect ENT's net operating losses, prepared by management of Intersect ENT . . . ." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that Intersect ENT's management provided to the Board and Goldman Sachs.

25.     Notably, Defendants failed to disclose cash taxes, capital expenditures, changes in net working capital, delayed consideration to Fiagon AG Medical Technologies, depreciation and amortization, stock-based compensation, net operating losses, and research and development tax credits. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs's Financial Analyses*

26.     With respect to the *Illustrative Discounted Cash Flow Analysis,* the Proxy fails to disclose the terminal year estimate of unlevered free cash flow and the range of terminal values for the Company. The Proxy further fails to disclose the estimated tax savings associated with Intersect ENT's net operating losses during the period from July 1, 2021 to December 31, 2035. In addition, the Proxy fails to disclose the inputs and assumptions underlying the discount rates of 9.50% to 10.50%, including target capital structure weightings, the cost of long-term debt, future applicable marginal cash tax rate, and the beta for Intersect ENT. The Proxy fails to disclose the inputs and assumptions underlying the perpetuity growth rates of 2.5% to 3.5%. Furthermore, the Proxy fails to disclose transaction-related amortization Finally, the Proxy fails to disclose the total number of fully diluted outstanding shares as of August 2, 2021.

27.     With respect to the *Illustrative Present Value of Future Share Price Analysis*, the Proxy fails to disclose Intersect ENT's projected net debt as of December 31, 2021, December 31, 2022, and December 31, 2023. The Proxy also fails to disclose the inputs and assumptions underlying the discount rate of 10.0%. Finally, the Proxy fails to disclose the number of fully diluted outstanding shares as utilized for the analysis.

28.     With respect to the *Premia Paid Analysis,* the Proxy fails to disclose each of the transactions selected for use in the analysis, as well as the premiums for each of the transactions

selected.

29.    In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

30.    Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

31.    Further, the Proxy indicates that on August 5, 2021, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Intersect ENT stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

32.    Plaintiff is immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

33.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Defendants have filed the Proxy with the SEC with the intention of soliciting Intersect ENT stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

35.     In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Intersect ENT, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

36.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

37.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Intersect ENT shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion.

38.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman Sachs reviewed and

discussed its financial analyses with the Board during various meetings including on August 5, 2021, and further states that the Board relied upon Goldman Sachs's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

39.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

40.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41.     The Individual Defendants acted as controlling persons of Intersect ENT within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Intersect ENT and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

42.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

43.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

44.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

45.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

46.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

B.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: September 28, 2021                    **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*